846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin C. RICHARDSON, Plaintiff-Appellant,
v.
DEPARTMENT OF THE NAVY, Defendant-Appellee.
 No. 87-2147.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 1, 1988.
Decided April 18, 1988.
 
 William G. Dade (John W. Scott, Jr., Hill, Tucker & Marsh on brief) for appellant.
 Debra J. Prillaman, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Circuit Judge, CHAPMAN, Circuit Judge and THOMAS SELBY ELLIS, III, District Judge from the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Franklin C. Richardson appealed an order of the district court granting summary judgment in favor of the Department of the Navy. We affirm.
 
 I.
 
 2
 Richardson petitioned the Equal Employment Opportunity Commission (EEOC) for review of his handicap discrimination claim in connection with his discharge from the Navy. The EEOC issued an adverse decision, which Richardson received on March 2, 1987 along with the Statement of Petitioner's Rights. On March 30, Richardson filed suit in district court, naming the Department of Navy as sole defendant. On June 11, the Department of the Navy filed a motion to dismiss or, in the alternative, a motion for summary judgment. The Navy argued that Richardson failed to comply with the statutory requirements of 42 U.S.C. 2000e-16(c)(1982) in filing his action. The district court granted summary judgment, and Richardson appealed.
 
 II.
 
 3
 42 U.S.C. 2000e-16(c)(1982) clearly requires that federal employees bringing civil rights actions file suit "[w]ithin thirty days of receipt of notice of final action taken by a department, agency, or unit...." This section further mandates that "the head of the department, agency, or unit, as appropriate, shall be the defendant." Although Richardson filed suit within thirty days of receiving the EEOC decision and Statement of Petitioner's Rights, he named the Department of the Navy, rather than the Secretary of the Navy, as defendant. He did not attempt to name the Secretary as defendant until he filed a motion to amend his complaint on June 24, a date well outside of the thirty-day limit.
 
 
 4
 It is well established that statutes waiving sovereign immunity must be strictly construed. Arvayo v. United States, 766 F.2d 1416 (10th Cir.1985); Brown v. General Services Administration, 507 F.2d 1300 (2d Cir.1974). Although the result may be harsh, we conclude that the court below correctly granted summary judgment, because Richardson failed to follow the requirements of 42 U.S.C. 2000e-16(c) in filing this action. Accordingly, the judgment of the district court is
 
 
 5
 AFFIRMED.